UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD B. BELL | ) | |
| | ) | |
| Plaintiff, | ) | No. 08CV0057 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| BUSSE AUTO BODY, INC. | ) | Magistrate Judge Cole |
| an Illinois Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, BUSSE AUTO BODY, INC., by and through their attorneys, ROBERT J. KARTHOLL of the LAW OFFICES OF ROBERT J. KARTHOLL and HUCK BOUMA P.C., and in response to Plaintiff's, GERALD B. BELL, complaint, states as follows:

1. This is an action for employment discrimination.

    **Response:**   Admit.

2. The Plaintiff is Gerald B. Bell of the county of Cook in the state of Illinois.

    **Response:**   Admit.

3. The Defendant is Busse Auto Body, Inc., whose street address is 1865 Busse Highway, Des Plaines, Cook County, Illinois, 60016.

    **Response:**   Admit.

4. The Plaintiff sought employment or was employed by the Defendant at 1865 Busse Highway, Des Plaines, Cook County, Illinois, 60016.

    **Response:**   Admit.

5. The Plaintiff was employed but is no longer employed by the Defendant.

    **Response:**   Admit.

6. The Defendant discriminated against the Plaintiff on or about, or beginning on or about, August 4, 2006.

    **Response:**   Deny.

7.1 (a) The Defendant is not a federal governmental agency, and the Plaintiff has filed a charge or charges against the Defendant asserting the acts of discrimination indicated in this complaint with any of the following governmental agencies:

    (i) The United States Equal Employment Opportunity Commission, on or about February 28, 2007.
    (ii) The Illinois Department of Human Rights, on or about February 28, 2007.

**Response:** Admit.

7.1 (b) If charges were filed with an agency indicated above, a copy of the charge is attached.

**Response:** Admit.

6.2 The Defendant is a federal governmental agency, and

(a) The Plaintiff previously filed a Complaint of Employment Discrimination with the Defendant asserting the acts of discrimination indicated in this court complaint.

**Response:** Deny.

8. The Complaint served upon Defendant did not contain paragraph 8 or paragraph 9 so that Defendant makes no answer to such missing paragraph.

9. The Complaint served upon Defendant did not contain paragraph 8 or paragraph 9 so that Defendant makes no answer to such missing paragraph.

10. If the Defendant is a state, county, municipal (city, town, or village) or other local governmental agency, Plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**Response:** Defendant is not a governmental agency and therefore makes no response to this allegation.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**Response:** Admit.

    12.    The Defendant

        (b)    terminated the Plaintiff's employment

**Response:**    Admit.

        (f)    failed to stop harassment

        (g)    retaliated against the Plaintiff because the Plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

**Response:**    Deny.

    13.    The facts supporting the Plaintiff's claim of discrimination are as follows:

I was having a problem with a co-worker. I went to the foreman and he did nothing about it. The second time I went to foreman, he told me not to say anything to co-worker. The third time I went to foreman, he told me if we can't get along that he was going to fire me. So the foreman never addressed the situation, not once.

So I went to the owner with the complaint. He told me that he would address it, but never did and at the end of the day, told me that they didn't need my services any longer. That was told to me by the foreman. I asked him, "Why?" He told me it's not because of no one here.

But before they fired me they were trying to make me quit by having me doing everything other than what I was hired to do and when I went to collect my unemployment, they told them not to give it to me because I was fired/let go for fighting.

**Response:**    Defendant admits that Gerald Bell was fighting with co-workers and that Defendant's supervisor warned Bell that if he continued to fight with co-workers he would be terminated. Defendant denies the remaining allegations of this Paragraph #13.

    14.    Paragraph 14 of this form Complaint is not asserted in Plaintiff's Complaint so that Defendant makes no answer thereto.

    15.    Paragraph 15 of this form Complaint is not asserted in Plaintiff's Complaint so that Defendant makes no answer thereto.

    16.    THEREFORE, the Plaintiff asks that the court grant the following relief to the Plaintiff:

        (i)    If available, grant the Plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages,

prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

   (ii) Grant such other relief as the Court may find appropriate.

**Response:** Defendant denies any such relief is due Plaintiff.

Wherefore, Defendant, BUSSE AUTO BODY, INC., prays for judgment against Plaintiff, GERALD B. BELL, awarding Defendant all costs of this action, attorney fees and such other relief as the Court deem just and equitable.

### FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, BUSSE AUTO BODY, INC., by and through their attorneys, ROBERT J. KARTHOLL of the LAW OFFICES OF ROBERT J. KARTHOLL and HUCK BOUMA P.C., and, without waiving the denials contained in their Answers, and pleading in the alternative, hereby set forth the following as their First Affirmative Defense:

1. Any award or recovery in this matter must be reduced to the extent that Bell has failed to mitigate his damages.

2. To the extent Bell has mitigated his damages, any award of damages that may be due to Bell must be reduced by the amount of that mitigation.

3. Bell's Complaint fails because he unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant and/or because Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination alleged by Bell.

4. Bell's claims are barred to the extent he failed to meet administrative and/or statutory prerequisites to filing suit including that he failed to assert a claim of retaliation.

5. To the extent the Bell seeks to base claims on events occurring outside the applicable statute of limitations, such claims are barred.

6. Bell's claims are barred to the extent that the allegations in the Complaint exceed the scope of the allegations contained in Bell's charge of discrimination filed with the IHRC/EEOC.

7. Bell cannot recover punitive or exemplary damages since Defendant cannot be vicariously liable for discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination, wrongful termination.

8. Bell's Complaint fails to set forth facts sufficient to constitute a claim for willful or punitive damages.

9. The damages cap imposed by the Civil Rights Act of 1991 limits Bell's claims for compensatory and punitive damages.

10. The claims of Bell for punitive or "willfull" damages against Defendant cannot be upheld because any award of punitive damages under the statutes relied upon in the Complaint without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution.

                                    Respectfully submitted,

                                    /s/ Edward J. Sedlacek

                                    Edward J. Sedlacek

## CERTIFICATE OF SERVICE

I, EDWARD J. SEDLACEK, state as follows under penalty of perjury this twenty-fourth day of July 2008.

1. I filed this *Answer and Affirmative Defenses* by filing it with the clerk of the court by electronic means.

2. I served this *Answer and Affirmative Defenses* by placing accurate copies of it in an envelope with proper postage prepaid and plainly addressed to:

   Gerald B. Bell
   314 S. Wesley, Apt. #2
   Oak Park, IL 60302

3. I made the electronic filing and mailed the copies on July 24, 2008.

/s/ Edward Sedlacek
_____
Edward J. Sedlacek

Law Offices of Robert J. Kartholl
125 S. Bloomingdale Road, Suite 11
Bloomingdale, IL 60108
Tel: 630/924-0500
Fax: 630/894-2528
Federal No: 1408011

Huck Bouma, P.C.
1755 S. Naperville Road, Suite 200
Wheaton, IL 60187
630/221-1755
630/221-1756 (fax)